MIGUEL MARQUEZ VALDIVIA
207 Rio Mesa Way
Galt, CA 96632
209-693-8458
legalpaperbox@gmail.com

Plaintiff, Pro se

FILED
SEP 19 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL MARQUEZ VALDIVIA,

    Plaintiff,

vs.

COUNTY OF SACRAMENTO,
GRANT NUGENT, GARY LEEDS
and DOES 1-10,

    Defendants.

Case No.: 2:22-cv-1643-KJM-DB (PS)

**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and COMMON LAW CLAIMS [42 U.S.C. § 1983]**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

This is a civil rights action arising out of the withholding of medical treatment the Plaintiff needed and required when he was being held at the Sacramento County Jail ultimately resulting in near-blindness in his right eye, disfigurement, and loss of his ability to work among other negative life-altering consequences.

## II. JURISDICTION AND VENUE

1. Jurisdiction over the federal causes of action under Title 42 U.S.C. §1983 is proper in this Court under 28 U.S.C. §1331. Pendant

-1-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

Jurisdiction over the state causes of action is proper under Title 28 U.S.C. §1367(a) and Title 28 U.S.C. §1343(a)(3).

2. Venue is proper in this Court under 28 U.S.C. §1391(b) as all of the defendants reside, and the acts complained of occurred, within the boundaries of the Eastern District of California.

3. Plaintiff filed a timely administrative claim with the COUNTY OF SACRAMENTO, pursuant to Cal. Gov't Code § 910, on May 18, 2018, and due to the tolling of the statute, now brings this claim.

### III. PARTIES

4. Plaintiff, MIGUEL MARQUEZ VALDIVIA is over the age of eighteen (18) and a resident of Galt, CA, located within Sacramento County.

5. Defendant the COUNTY OF SACRAMENTO is a municipal corporation duly organized and existing under the laws of the State of California with the capacity to be sued. The COUNTY OF SACRAMENTO operates the Sacramento Sheriff's Department, which in turn oversees the Sacramento County Jail located at 651 I Street, Sacramento, California. Upon information and belief, all individual parties named herein are employees, or are employed pursuant to contract by the Sacramento Sheriff's Department.

6. GRANT NUGENT was and is the Medical Director of Correctional Health Services at Sacramento County Sheriff's Department.

7. GARY LEEDS is a a doctor employed by the COUNTY OF SACRAMENTO.

8. Plaintiff does not know the true names and/or capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1-10, and for that reason sues said Defendants under fictitious names. Plaintiff will seek leave to amend this Complaint when the true names and capacities of these defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that these Defendants are responsible in whole or in part for the remedies and penalties sought herein.

## IV. ALLEGATIONS

### General Allegations

9. The Fourteenth Amendment's Due Process Clause affords pretrial detainees entitlement to "adequate medical care, and personal safety." Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996).

10. However, as will be explained further below, the non-action and delay of Defendants in failing to providing Plaintiff the required course of treatment for his condition in a timely manner, their careless dismissal of his reported complaints, and deliberate

-3-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

indifference to the consequences of their actions were medically and ethically unacceptable under the circumstances.

11. All Defendants herein are culpable for the harm visited upon Plaintiff through their personal action or inaction, such conduct being part of a pattern, practice or custom, proliferating and well settled within the Jail of failure to provide reasonable medical care and is as well based upon policy and procedure, and by accepting and promoting an inadequate standard of care in violation of constitutional protections awarded to all citizens, including detainees and inmates, as exhibited by and through the conduct of the officers, medical staff and other personnel at the Jail, both acting in concert and individually.

### Specific Allegations

12. On November 23, 2017, Plaintiff, MARQUEZ, was diagnosed by Dr. Navarez at Delta Eye Medical Group in Stockton, California with Acanthamoeba Keratitis, a rare condition in which amoebae invade the cornea of the eye.

13. On November 26, 2017, Plaintiff was arrested and booked into the Sacramento County Jail (Jail) where he was to remain until January 17, 2018.

-4-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

14. Following his arrival at the Jail, Plaintiff was seen by Defendant, GARY LEEDS for medical intake at which point he advised the staff that he had a parasite in his eye, was in critical condition and immediately needed to get the compound eye drops and other medication begin treatment in order to preserve his cornea from being destroyed by the amoebae.

15. Despite the urgent nature of Plaintiff's need for treatment and his communication to Jail personnel of such urgency, including GARY LEEDS and other the medical staff, it was not until December 4, 2017 that a medical professional contacted Plaintiff's eye doctor to inquire as to the nature of his condition and the required treatment, and that his pain medication was increased from over-the-counter acetaminophen to hydrocodone-tylenol to ease his suffering despite the hospital which he would be taken to on the following day prescribing morphine due to the almost unbearable level of pain.

16. By that time Plaintiff had already filed two grievances, for both not having seen an ophthalmologist and for not being provided his desperately needed medication to treat the Acanthamoeba Keratitis.

17. Another two days passed before the appropriate medicine was procured to treat Plaintiff's condition, by which time his eye had significantly deteriorated as evidenced by his complaints to

-5-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

Defendants concerning the pain and pressure he was feeling in his eye, along with his concerns about losing his eye and potentially dying if the amoebae reached his brain.

18. On that date, December 6, 2017, the third Consultation Case Management Request was filed by staff for Plaintiff to see an ophthalmologist .

19. On December 8, 2017, Plaintiff reported to staff that his eye "vomited" and "a lot of fluid came out." Still no significant action was taken concerning Plaintiff's eye.

20. Even having finally obtained the proper medication, Plaintiff was unable to properly administer it, as he reported to Defendants on December 13, 2017, he did not have a clock to determine when an hour had passed and to deliver the hourly dose prescribed or have any assistance, or support from any Jail staff whatsoever.

21. Overuse would result in the medication being used up too quickly, and there occurred periods of time when a refill was not forthcoming for some time, missing more doses.

22. By January 9, 2018, even though a consultation with a ophthalmologist was requested and long overdue, none would be quickly forthcoming, with a note in chart indicating "reviewed with medical director[1] who concurs, current 2 eye drops are only meds indicated,"

---

1 Medical Director is Defendant, GRANT NUGENT, M.D.

-6-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

despite the obvious and extreme condition Plaintiff's eye was now in, and with total and blatant disregard for the fact that the eye was getting worse, not better.

23. Finally, on January 11, 2018, Plaintiff was taken to see Dr. Jeffrey Ing at Delta Eye Medical Group in Stockton; Dr. Ing noted and explained to me that because of the lack of treatment by the Jail, Plaintiff's eye was severely damaged and there was no ability to save his eye sight, now Dr. Ing was merely trying to save my eye. Plaintiff returned to Dr. Ing, while still being held at the Jail, on January 15, 2018 and advised he was still in very real danger of losing the eye.

24. Plaintiff was released from confinement on January 17, 2018.

25. On March 13, 2018 Plaintiff underwent his first corneal transplant, with the second occurring on December 7, 2018.

25. The lack of effective relief from the physical pain Plaintiff was forced to endure, the emotional disturbance inflicted upon him as he wondered if he would lose his eye, or if he would die, or both, left Plaintiff inexorably traumatized, suffering from PTSD, bouts of total memory loss, along with more extreme mental symptoms he suffered, and will continue to suffer as he tries to heal,

emotionally at least, through the work of the mental health he now must see regularly, as he will never regain the sight or prior cosmetic condition of his eye prior to his arrest.

26. Plaintiff will never fully recover and his injuries are permanent.

## V. COUNTS

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### Violation of the Fourteenth Amendment to the Constitution: Failure to Provide Appropriate Medical Care
### Against Defendant, Sacramento County

27. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

28. Defendant, Sacramento County, acting under color of law, has maintained and operated pursuant to, certain policies and procedures, and demonstrated a pattern, practice or custom, proliferating and well settled within the Jail, of deliberate indifference to, and inaction related to providing adequate medical care to the population of the Jail.

29. As a direct result of the existence, promotion and/or adherence of the aforesaid policy, practice, or custom etc., Plaintiff was denied access to his constitutional right to proper medical care, despite a showing of serious medical need.

-8-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

30. Defendants knew that the aforesaid policy, practice, or custom etc., caused and resulted in grievous injury to its population, as demonstrated by the significant amount of other claims against the Jail for similar deprivations and conduct.

**SECOND CAUSE OF ACTION**
**2 U.S.C. § 1983**
**Violation of the Fourteenth Amendment to the Constitution:**
**Failure to Provide Appropriate Medical Care**
**Against Defendants GRANT NUGENT, GARY LEEDS and DOES 1-10**

31. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

32. Each of the times Defendants, GRANT NUGENT and GARY LEEDS, acting under color of law, met with, administered, failed to administer or approved the provided medical care to Plaintiff, such actions, inactions and/or decisions were made with full intent, and awareness of the dire medical consequences that could have, and did result from such deliberate indifference to the suffering and seriousness of Plaintiff's condition.

33. A reasonable medical professional would have taken measures to reduce the risk of harm and permanent injury to Plaintiff's eye.

34. Defendant failed to *inter alia*, take measures to timely assess Plaintiff's condition by reaching out to his outside treating physician sooner, by accelerating Plaintiff's access to treatment, and by seeing to the proper application of the treatment.

35. As a direct result of the conduct of Defendants, GRANT NUGENT and GARY LEEDS, Plaintiff suffered and continues to suffer as described.

### THIRD CAUSE OF ACTION
### Intentional Infliction of Physical and Emotional Distress
### Against Defendants GRANT NUGENT, GARY LEEDS, and DOES 1-10

36. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

37. Defendants, GRANT NUGENT and GARY LEEDS conduct as alleged herein is extreme and outrageous and is beyond the bounds of that tolerated in a decent society.

38. Defendant engaged in the conduct alleged herein with the intent to cause Plaintiff extreme emotional distress, or at a minimum, with reckless disregard as to whether it would cause extreme emotional distress.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer severe emotional distress.

**FOURTH CAUSE OF ACTION**
**Negligent Infliction of Physical and Emotional Distress**
**Against Defendants GRANT NUGENT, GARY LEEDS, and DOES 1-10**

40. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

Defendants GRANT NUGENT and GARY LEEDS, by way of their doctor-patient relationship, owed Plaintiff a reasonable duty of care.

41. Defendant's failure to *inter alia*, provide adequate medical care to Plaintiff had the foreseeable consequence of causing Plaintiff to suffer severe emotional distress.

42. Such conduct by Defendant breached that duty of care.

43. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered, and continues to suffer severe emotional distress.

**FIFTH CAUSE OF ACTION**
**Individual Medical Malpractice**
**Against Defendant GRANT NUGENT, GARY LEEDS, and DOES 1-10**

44. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

45. Defendants, GRANT NUGENT and GARY LEEDS acted a treating physician to Plaintiff during the time of his incarceration.

- 11 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

46. Defendant knew through physical examination and review of records of the seriousness of Plaintiff's condition and urgent need for care to prevent serious injury.

47. Defendant failed to take the reasonable and required steps to diagnose and properly treat Plaintiff in contravention of his duty and obligation as Plaintiff's physician.

48. As a direct and proximate cause of the foregoing negligent actions and inactions by Defendant Plaintiff was caused to suffer significant harm.

## VI. PRAYER FOR RELEIF

WHEREFORE, Plaintiffs pray for relief as follows:

A. For general damages in the sum of $5,000,000 (five million dollars) according to proof resulting from the (a) the physical pain and suffering; (b) severe emotional and mental distress; and and (c) the loss of future earnings and economic damages to permanent physical disability;

B. For special damages according to proof;

C. For punitive damages against the appropriate defendants;

D. For damages for future lost earnings and lost earning capacity according to proof;

E. For other losses in an amount according to proof;

F. For costs of suit, (if any);

---

- 12 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

G. For attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. §12205, 29 U.S.C. § 794a (b), ADA 42 U.S.C. § 12131 (2); and Cal. Civil Code §52 and 52.1; and as otherwise authorized by statute or law (if applicable);

H. For such other relief as the Court deems proper.

### VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand

---

- 13 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

1  that my failure to keep a current address on file with the
2  Clerk's Office may result in the dismissal of my case.
3  Dated: September 14, 2022

*[signature]*

**MIGUEL MARQUEZ VALDIVIA**
Plaintiff pro se

- 14 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

**JURY TRIAL DEMAND**

A Jury Trial is demanded on behalf of Plaintiff MIGUEL MARQUEZ VALDIVIA.


Dated: September 14, 2022

*[signature]*

**MIGUEL MARQUEZ VALDIVIA**
Plaintiff pro se

---

- 15 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]