1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL MARQUEZ VALDIVIA,                 No.  2:22-cv-1643 KJM DB PS

12                   Plaintiff,

13          v.                                ORDER DIRECTING CLERK
                                              TO SEND MATERIALS FOR SERVICE
14   COUNTY OF SACRAMENTO, et al.,            AND REQUIRING SERVICE BY
                                              UNITED STATES MARSHAL
15                   Defendants.

16

17          Plaintiff Miguel Marquez Valdivia is proceeding in this action pro se.  This matter was

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19   Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis

20   pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff complain that the defendants

21   failed to address plaintiff's serious medical needs while plaintiff was incarcerated at the

22   Sacramento County Jail.  The court is required to screen complaints brought by parties

23   proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

24   1122, 1129 (9th Cir. 2000) (en banc).

25          Here, plaintiff's in forma pauperis application makes the financial showing required by 28

26   U.S.C. § 1915(a)(1).  Moreover, claims that persons acting under the color of state law "'violated

27   pretrial detainees' constitutional rights by failing to address their medical needs . . . [are

28   analyzed] under a 'deliberate indifference' standard.'"  Simmons v. Navajo County, Ariz., 609

                                                   1

1    F.3d 1011, 1017 (9th Cir. 2010) (quoting <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232,

2    1243-44 (9th Cir. 2010)).  The elements of a claim for deliberate indifference against a defendant

3    based on a pretrial detainee's rights under the Fourteenth Amendment are:

4            (1) The defendant made an intentional decision with respect to the
             conditions under which the plaintiff was confined;
5
             (2) Those conditions put the plaintiff at substantial risk of suffering
6            serious harm;

7            (3) The defendant did not take reasonable available measures to abate
             that risk, even though a reasonable officer in the circumstances
8            would have appreciated the high degree of risk involved—making
             the consequences of the defendant's conduct obvious; and
9
             (4) By not taking such measures, the defendant caused the plaintiff's
10           injuries.

11

12   <u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); <u>see also</u> <u>Darnell</u>

13   <u>v. Pineiro</u>, 849 F.3d 17, 35 (2nd Cir. 2017) ("to establish a claim for deliberate indifference to

14   conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the

15   pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged

16   condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition

17   posed to the pretrial detainee even though the defendant-official knew, or should have known,

18   that the condition posed an excessive risk to health or safety").

19          Here, the complaint alleges that on November 23, 2017, plaintiff was diagnosed with "a

20   rare condition in which amoebae invade the cornea of the eye."  (Compl. (ECF No. 1) at 4.)

21   Plaintiff was arrested on November 26, 2017.  (<u>Id.</u>)  Despite repeated requests for treatment,

22   defendants County of Sacramento, Medical Director Grant Nugent, and County of Sacramento

23   doctor Gary Leeds did not inquire about plaintiff's condition "until December 4, 2017[.]"  (<u>Id.</u> at

24   5.)  Plaintiff did not receive treatment for the condition until January 11, 2018.  (<u>Id.</u> at 7.)  At that

25   time, the doctor treating plaintiff "explained . . . that because of the lack of treatment by the Jail,

26   Plaintiff's eye was severely damaged and there was no ability to save his eye sight[.]"  (<u>Id.</u>)

27          In this regard, for purposes of screening the undersigned finds that the complaint states a

28   claim upon which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's September 19, 2022 motion to proceed in forma pauperis (ECF No. 2) is granted.

2.  Service is appropriate on defendants County of Sacramento, Grant Nugent, and Gary Leeds.

3.  The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, three USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed September 19, 2022.  (ECF No. 1.)

4.  Within sixty (60) days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

a.  One completed summons;

b.  One completed USM-285 form;

c.  One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

d.  One copy of the instant order.

5.  In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within 90 days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6.  Within twenty (20) days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

7.  Within sixty (60) days after receiving the necessary materials from plaintiff the United States Marshal is directed to serve process on defendants without prepayment of costs.

3

8. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  October 31, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/valdivia1643.serve.ord

4