Miguel Marquez Valdivia
#3 207 Rio Masa Way
    Galt CA. 95632
  phone 209 693 8458



FILED

FEB 17 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

Case
NO. 2:22-cv-1643-KJM
                DB PS

plaintiff shall file with this court
a declaration stating date on which
plaintiff the required document
to th United states Marshall
   Sptember 14, 2022

Miguel Marquez Valdivia   2-17-2023



# HELLO PARALEGAL

ASPIRIN FOR YOUR LEGAL HEADACHE



# Invoice

desi@helloparalegal.com

917-443-8597

Invoice No.:467

September 14, 2022

To: Miguel Marquez

209-693-8458

Thank you for the hire. I hope to be of further service in the future.

| Item | Add'l Detail | # Property | # Rate | # Total |
|---|---|---|---|---|
| Preparation of Summon(s), Civil Cover Sheet, Fee Waiver, Request to Judge, email set-up | | 11 | $75.00 | $75.00 |
| Printing | | 28 | $0.20 | $5.60 |
| Postage (Priority Mail) | | | | $7.37 |
| Untitled | TOTAL | | | $87.97 |

MIGUEL MARQUEZ VALDIVIA
207 Rio Mesa Way
Galt, CA 96632
209-693-8458
legalpaperbox@gmail.com

Plaintiff, Pro se

# FILED

SEP 19 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL MARQUEZ VALDIVIA,

      Plaintiff,

  vs.

COUNTY OF SACRAMENTO,
GRANT NUGENT, GARY LEEDS
and DOES 1-10,

      Defendants.

Case No.: 2:22-cv-1643-KJM-DB (PS)

**COMPLAINT FOR VIOLATIONS OF
CIVIL RIGHTS and COMMON LAW
CLAIMS [42 U.S.C. § 1983]**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

This is a civil rights action arising out of the withholding of medical treatment the Plaintiff needed and required when he was being held at the Sacramento County Jail ultimately resulting in near-blindness in his right eye, disfigurement, and loss of his ability to work among other negative life-altering consequences.

## II. JURISDICTION AND VENUE

1. Jurisdiction over the federal causes of action under Title 42 U.S.C. §1983 is proper in this Court under 28 U.S.C. §1331. Pendant

1    Jurisdiction over the state causes of action is proper under Title 28

2    U.S.C. §1367(a) and Title 28 U.S.C. §1343(a)(3).

3        2. Venue is proper in this Court under 28 U.S.C. §1391(b) as all

4    of the defendants reside, and the acts complained of occurred, within

5    the boundaries of the Eastern District of California.

6

7        3. Plaintiff filed a timely administrative claim with the

8    COUNTY OF SACRAMENTO, pursuant to Cal. Gov't Code § 910, on May 18,

9    2018, and due to the tolling of the statute, now brings this claim.

10                              **III. PARTIES**

11        4. Plaintiff, MIGUEL MARQUEZ VALDIVIA is over the age of

12   eighteen (18) and a resident of Galt, CA, located within Sacramento

13   County.

14

15       5. Defendant the COUNTY OF SACRAMENTO is a municipal

16   corporation duly organized and existing under the laws of the State

17   of California with the capacity to be sued. The COUNTY OF SACRAMENTO

18   operates the Sacramento Sheriff's Department, which in turn oversees

19   the Sacramento County Jail located at 651 I Street, Sacramento,

20   California. Upon information and belief, all individual parties named

21   herein are employees, or are employed pursuant to contract by the

22   Sacramento Sheriff's Department.

23

24

25

26

27                                  -2-
28              COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
                            COMMON LAW CLAIMS
                            [42 U.S.C. § 1983]

6. GRANT NUGENT was and is the Medical Director of Correctional Health Services at Sacramento County Sheriff's Department.

7. GARY LEEDS is a a doctor employed by the COUNTY OF SACRAMENTO.

8. Plaintiff does not know the true names and/or capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1-10, and for that reason sues said Defendants under fictitious names. Plaintiff will seek leave to amend this Complaint when the true names and capacities of these defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that these Defendants are responsible in whole or in part for the remedies and penalties sought herein.

### IV. ALLEGATIONS

#### General Allegations

9. The Fourteenth Amendment's Due Process Clause affords pretrial detainees entitlement to "adequate medical care, and personal safety." _Alvarez-Machain v. United States_, 107 F.3d 696, 701 (9th Cir. 1996).

10. However, as will be explained further below, the non-action and delay of Defendants in failing to providing Plaintiff the required course of treatment for his condition in a timely manner, their careless dismissal of his reported complaints, and deliberate

indifference to the consequences of their actions were medically and ethically unacceptable under the circumstances.

11. All Defendants herein are culpable for the harm visited upon Plaintiff through their personal action or inaction, such conduct being part of a pattern, practice or custom, proliferating and well settled within the Jail of failure to provide reasonable medical care and is as well based upon policy and procedure, and by accepting and promoting an inadequate standard of care in violation of constitutional protections awarded to all citizens, including detainees and inmates, as exhibited by and through the conduct of the officers, medical staff and other personnel at the Jail, both acting in concert and individually.

### Specific Allegations

12. On November 23, 2017, Plaintiff, MARQUEZ, was diagnosed by Dr. Navarez at Delta Eye Medical Group in Stockton, California with Acanthamoeba Keratitis, a rare condition in which amoebae invade the cornea of the eye.

13. On November 26, 2017, Plaintiff was arrested and booked into the Sacramento County Jail (Jail) where he was to remain until January 17, 2018.

-4-

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

14. Following his arrival at the Jail, Plaintiff was seen by Defendant, GARY LEEDS for medical intake at which point he advised the staff that he had a parasite in his eye, was in critical condition and immediately needed to get the compound eye drops and other medication begin treatment in order to preserve his cornea from being destroyed by the amoebae.

15. Despite the urgent nature of Plaintiff's need for treatment and his communication to Jail personnel of such urgency, including GARY LEEDS and other the medical staff, it was not until December 4, 2017 that a medical professional contacted Plaintiff's eye doctor to inquire as to the nature of his condition and the required treatment, and that his pain medication was increased from over-the-counter acetaminophen to hydrocodone-tylenol to ease his suffering despite the hospital which he would be taken to on the following day prescribing morphine due to the almost unbearable level of pain.

16. By that time Plaintiff had already filed two grievances, for both not having seen an ophthalmologist and for not being provided his desperately needed medication to treat the Acanthamoeba Keratitis.

17. Another two days passed before the appropriate medicine was procured to treat Plaintiff's condition, by which time his eye had significantly deteriorated as evidenced by his complaints to

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

1   Defendants concerning the pain and pressure he was feeling in his

2   eye, along with his concerns about losing his eye and potentially

3   dying if the amoebae reached his brain.

4       18. On that date, December 6, 2017, the third Consultation Case

5   Management Request was filed by staff for Plaintiff to see an

6   ophthalmologist  .

7

8       19. On December 8, 2017, Plaintiff reported to staff that his

9   eye "vomited" and "a lot of fluid came out." Still no significant

10  action was taken concerning Plaintiff's eye.

11      20. Even having finally obtained the proper medication,

12  Plaintiff was unable to properly administer it, as he reported to

13

14  Defendants on December 13, 2017, he did not have a clock to determine

15  when an hour had passed and to deliver the hourly dose prescribed or

16  have any assistance, or support from any Jail staff whatsoever.

17      21. Overuse would result in the medication being used up too

18  quickly, and there occurred periods of time when a refill was not

19  forthcoming for some time, missing more doses.

20

21      22. By January 9, 2018, even though a consultation with a

22  ophthalmologist was requested and long overdue, none would be quickly

23  forthcoming, with a note in chart indicating "reviewed with medical

24  director[1] who concurs, current 2 eye drops are only meds indicated,"

25

26  1 Medical Director is Defendant, GRANT NUGENT, M.D.

27

28                              -6-
            COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
                       COMMON LAW CLAIMS
                       [42 U.S.C. § 1983]

despite the obvious and extreme condition Plaintiff's eye was now in, and with total and blatant disregard for the fact that the eye was getting worse, not better.

23. Finally, on January 11, 2018, Plaintiff was taken to see Dr. Jeffrey Ing at Delta Eye Medical Group in Stockton; Dr. Ing noted and explained to me that because of the lack of  treatment by the Jail, Plaintiff's eye was severely damaged and there was no ability to save his eye sight, now Dr. Ing was merely trying to save my eye. Plaintiff returned to Dr. Ing, while still being held at the Jail, on January 15, 2018 and advised he was still in very real danger of losing the eye.

24. Plaintiff was released from confinement on January 17, 2018.

25. On March 13, 2018 Plaintiff underwent his first corneal transplant, with the second occurring on December 7, 2018.

25. The lack of effective relief from the physical pain Plaintiff was forced to endure, the emotional disturbance inflicted upon him as he wondered if he would lose his eye, or if he would die, or both, left Plaintiff inexorably traumatized,  suffering from PTSD, bouts of total memory loss, along with more extreme mental symptoms he suffered, and will continue to suffer as he tries to heal,

-7-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

emotionally at least, through the work of the mental health he now

must see regularly, as he will never regain the sight or prior

cosmetic condition of his eye prior to his arrest.

26. Plaintiff will never fully recover and his injuries are

permanent.

<u>V. COUNTS</u>

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**Violation of the Fourteenth Amendment to the Constitution:**
**Failure to Provide Appropriate Medical Care**
**<u>Against Defendant, Sacramento County</u>**

27. Plaintiff hereby incorporates by reference the above

paragraphs, as though set forth fully herein.

28. Defendant, Sacramento County, acting under color of

law, has maintained and operated pursuant to, certain policies

and procedures, and demonstrated a pattern, practice or custom,

proliferating and well settled within the Jail, of deliberate

indifference to, and inaction related to providing adequate

medical care to the population of the Jail.

29. As a direct result of the existence, promotion and/or

adherence of the aforesaid policy, practice, or custom etc.,

Plaintiff was denied access to his constitutional right to

proper medical care, despite a showing of serious medical need.

---

- 8 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

30. Defendants knew that the aforesaid policy, practice, or custom etc., caused and resulted in grievous injury to its population, as demonstrated by the significant amount of other claims against the Jail for similar deprivations and conduct.

**SECOND CAUSE OF ACTION**
**2 U.S.C. § 1983**
**Violation of the Fourteenth Amendment to the Constitution:**
**Failure to Provide Appropriate Medical Care**
**Against Defendants GRANT NUGENT, GARY LEEDS and DOES 1-10**

31. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

32. Each of the times Defendants, GRANT NUGENT and GARY LEEDS, acting under color of law, met with, administered, failed to administer or approved the provided medical care to Plaintiff, such actions, inactions and/or decisions were made with full intent, and awareness of the dire medical consequences that could have, and did result from such deliberate indifference to the suffering and seriousness of Plaintiff's condition.

33. A reasonable medical professional would have taken measures to reduce the risk of harm and permanent injury to Plaintiff's eye.

-9-
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

34. Defendant failed to *inter alia*, take measures to timely assess Plaintiff's condition by reaching out to his outside treating physician sooner, by accelerating Plaintiff's access to treatment, and by seeing to the proper application of the treatment.

35. As a direct result of the conduct of Defendants, GRANT NUGENT and GARY LEEDS, Plaintiff suffered and continues to suffer as described.

**THIRD CAUSE OF ACTION**
**Intentional Infliction of Physical and Emotional Distress**
**Against Defendants GRANT NUGENT, GARY LEEDS, and DOES 1-10**

36. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

37. Defendants, GRANT NUGENT and GARY LEEDS conduct as alleged herein is extreme and outrageous and is beyond the bounds of that tolerated in a decent society.

38. Defendant engaged in the conduct alleged herein with the intent to cause  Plaintiff extreme emotional distress, or at a minimum, with reckless disregard as to whether it would cause extreme emotional distress.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer severe emotional  distress.

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

**FOURTH CAUSE OF ACTION**
**Negligent Infliction of Physical and Emotional Distress**
**Against Defendants GRANT NUGENT, GARY LEEDS, and DOES 1-10**

40. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

Defendants GRANT NUGENT and GARY LEEDS, by way of their doctor-patient relationship, owed Plaintiff a reasonable duty of care.

41. Defendant's failure to *inter alia*, provide adequate medical care to Plaintiff had the foreseeable consequence of causing Plaintiff to suffer severe emotional distress.

42. Such conduct by Defendant breached that duty of care.

43. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered, and continues to suffer severe emotional distress.

**FIFTH CAUSE OF ACTION**
**Individual Medical Malpractice**
**Against Defendant GRANT NUGENT, GARY LEEDS, and DOES 1-10**

44. Plaintiff hereby incorporates by reference the above paragraphs, as though set forth fully herein.

45. Defendants, GRANT NUGENT and GARY LEEDS acted a treating physician to Plaintiff during the time of his incarceration.

-----

- 11 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

46. Defendant knew through physical examination and review of records of the seriousness of Plaintiff's condition and urgent need for care to prevent serious injury.

47. Defendant failed to take the reasonable and required steps to diagnose and properly treat Plaintiff in contravention of his  duty and obligation as Plaintiff's physician.

48. As a direct and proximate cause of the foregoing negligent actions and inactions by Defendant Plaintiff was caused to suffer significant harm.

## VI.  PRAYER FOR RELEIF

WHEREFORE, Plaintiffs pray for relief as follows:

A. For general damages in the sum of $5,000,000 (five million dollars) according to proof resulting from the (a) the physical pain and suffering; (b) severe emotional and mental distress; and and (c) the loss of future earnings and economic damages to permanent physical disability;

B. For special damages according to proof;

C. For punitive damages against the appropriate defendants;

D. For damages for future lost earnings and lost earning capacity according to proof;

E. For other losses in an amount according to proof;

F. For costs of suit, (if any);

-----

G. For attorneys' fees and costs pursuant to 42 U.S.C. §
1988, 42 U.S.C. §12205, 29 U.S.C. § 794a (b), ADA 42 U.S.C. §
12131 (2); and Cal. Civil Code §52 and 52.1; and as otherwise
authorized by statute or law (if applicable);

H. For such other relief as the Court deems proper.

### VII. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below,
I certify to the best of my knowledge, information, and belief
that this complaint: (1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation; (2) is supported by
existing law or by a non-frivolous argument for extending,
modifying, or reversing existing law; (3) the factual
contentions have evidentiary support or, if specifically so
identified, will likely have evidentiary support after a
reasonable opportunity for further investigation or discovery;
and (4) the complaint otherwise complies with the requirements
of Rule 11.

A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to
my address where case-related papers may be served. I understand

---

- 13 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

1  that my failure to keep a current address on file with the

2  Clerk's Office may result in the dismissal of my case.

3  Dated: September 14, 2022

4

5                                          MIGUEL   MARQUEZ  VALDIVIA

6                                          Plaintiff pro se

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

1  **JURY TRIAL DEMAND**

2  A Jury Trial is demanded on behalf of Plaintiff MIGUEL MARQUEZ

3  VALDIVIA.

4

5  Dated: September 14, 2022

6

7  _____
   **MIGUEL MARQUEZ VALDIVIA**
   Plaintiff pro se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                    - 15 -
      COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
                COMMON LAW CLAIMS
              [42 U.S.C. § 1983]

USM
COPY

1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MIGUEL MARQUEZ VALDIVIA, | No.  2:22-cv-1643 KJM DB PS |
| 12  Plaintiff, | |
| 13  v. | ORDER DIRECTING CLERK |
| 14  COUNTY OF SACRAMENTO, et al., | TO SEND MATERIALS FOR SERVICE AND REQUIRING SERVICE BY UNITED STATES MARSHAL |
| 15  Defendants. | |
| 16 | |

17      Plaintiff Miguel Marquez Valdivia is proceeding in this action pro se.  This matter was

18  referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19  Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis

20  pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff complain that the defendants

21  failed to address plaintiff's serious medical needs while plaintiff was incarcerated at the

22  Sacramento County Jail.  The court is required to screen complaints brought by parties

23  proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

24  1122, 1129 (9th Cir. 2000) (en banc).

25      Here, plaintiff's in forma pauperis application makes the financial showing required by 28

26  U.S.C. § 1915(a)(1).  Moreover, claims that persons acting under the color of state law "'violated

27  pretrial detainees' constitutional rights by failing to address their medical needs . . . [are

28  analyzed] under a 'deliberate indifference' standard.'"  Simmons v. Navajo County, Ariz., 609

1

F.3d 1011, 1017 (9th Cir. 2010) (quoting <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232,

1243-44 (9th Cir. 2010)).  The elements of a claim for deliberate indifference against a defendant

based on a pretrial detainee's rights under the Fourteenth Amendment are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

<u>Castro v. County of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); <u>see also</u> <u>Darnell</u>

<u>v. Pineiro</u>, 849 F.3d 17, 35 (2nd Cir. 2017) ("to establish a claim for deliberate indifference to

conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the

pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged

condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition

posed to the pretrial detainee even though the defendant-official knew, or should have known,

that the condition posed an excessive risk to health or safety").

Here, the complaint alleges that on November 23, 2017, plaintiff was diagnosed with "a

rare condition in which amoebae invade the cornea of the eye." (Compl. (ECF No. 1) at 4.)

Plaintiff was arrested on November 26, 2017. (<u>Id.</u>)  Despite repeated requests for treatment,

defendants County of Sacramento, Medical Director Grant Nugent, and County of Sacramento

doctor Gary Leeds did not inquire about plaintiff's condition "until December 4, 2017[.]" (<u>Id.</u> at

5.) Plaintiff did not receive treatment for the condition until January 11, 2018. (<u>Id.</u> at 7.)  At that

time, the doctor treating plaintiff "explained . . . that because of the lack of treatment by the Jail,

Plaintiff's eye was severely damaged and there was no ability to save his eye sight[.]" (<u>Id.</u>)

In this regard, for purposes of screening the undersigned finds that the complaint states a

claim upon which relief can be granted.

1      Accordingly, IT IS HEREBY ORDERED that:

2      1. Plaintiff's September 19, 2022 motion to proceed in forma pauperis (ECF No. 2) is

3 granted.

4      2. Service is appropriate on defendants County of Sacramento, Grant Nugent, and Gary

5 Leeds.

6      3. The Clerk of the Court is directed to issue process and to send plaintiff an instruction

7 sheet for service of process by the United States Marshal, three USM-285 forms, a summons

8 form, and an endorsed copy of plaintiff's complaint filed September 19, 2022.  (ECF No. 1.)

9      4. Within sixty (60) days after this order is served, plaintiff shall supply the U.S. Marshal

10 all information needed by the Marshal to effect service of process.  The required documents shall

11 be submitted directly to the United States Marshal either by personal delivery or by mail to:

12 United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-

13 2030).  The court anticipates that, to effect service, the U.S. Marshal will require, for each

14 defendant, at least:

15            a.  One completed summons;

16            b.  One completed USM-285 form;

17            c.  One copy of the endorsed complaint, with an extra copy for the U.S. Marshal;

18 and

19            d.  One copy of the instant order.

20      5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on

21 a defendant within 90 days of receiving this order the Marshal is directed to report that fact, and

22 the reasons for it, to the undersigned.

23      6. Within twenty (20) days after submitting the required materials to the United States

24 Marshals Service, plaintiff shall file with this court a declaration stating the date on which

25 plaintiff submitted the required documents to the United States Marshal.  Failure to file the

26 declaration in a timely manner may result in an order imposing appropriate sanctions.

27      7. Within sixty (60) days after receiving the necessary materials from plaintiff the United

28 States Marshal is directed to serve process on defendants without prepayment of costs.

8. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  October 31, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/valdivia1643.serve.ord

4

1

**JURY TRIAL DEMAND**

2  A Jury Trial is demanded on behalf of Plaintiff MIGUEL MARQUEZ

3  VALDIVIA.

4

5  Dated: September 14, 2022

6

7                           **MIGUEL MARQUEZ VALDIVIA**
                         Plaintiff pro se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -
COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS and
COMMON LAW CLAIMS
[42 U.S.C. § 1983]

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
Office of the Clerk
501 "I" Street
Sacramento, CA 95814

**Keith Holland**
Clerk of Court

Divisional Office
2500 Tulare Street
Fresno, CA 93721

### October 31, 2022

Case Number: **2:22–cv–01643–KJM–DB PS**

Case Title: **MIGUEL MARQUEZ VALDIVIA**       vs.       COUNTY OF SACRAMENTO , ET AL.

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action. You are to include the complete case number on all documents submitted to the court for filing in this case. Failure to do so results in delayed processing of your documents.

For the expedient prosecution of this action, and the timely processing of your filings, please comply with the Federal Rules of Civil Procedure and our Local Rules of Court. In particular, you are advised that:

**Rule 4 of the Federal Rules of Civil Procedure** provides that if a defendant is not served within 90 days after service is ordered the court must dismiss the defendant without prejudice.

**Local Rule 130** requires that documents submitted to the court must be legible, on 8–½ " x 11" paper, with writing on one (1) side of the page only. Each page should be numbered consecutively at the bottom.

**Local Rule 131** requires that all pleadings be signed.

**Local Rule 183** requires that you keep the court, and opposing parties, advised of your current address.

**Local Rule 230** requires that motions not related to discovery be noticed for hearing not less than thirty-five days after service and filing of the motion. Opposition or a statement of non-opposition shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed. The failure to appear at a properly noticed hearing or file a timely opposition may be deemed a withdrawal of the motion or of any opposition to the motion.

**Other Provisions:**

**Request for Case Status:** The court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRIES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

Keith Holland, Clerk of Court
United States District Court

by: db _/s/ E. Rodriguez_____
Deputy Clerk

MIME−Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain Message−Id: Subject:Activity in Case 2:22−cv−01643−KJM−DB (PS) Marquez Valdivia v. County of Sacramento et al . Content−Type: text/html

*This is an automatic e−mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e−mail because the mail box is unattended.*
***NOTE TO PUBLIC ACCESS USERS*** *Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

### U.S. District Court

### Eastern District of California − Live System

## Notice of Electronic Filing

The following transaction was entered on 9/20/2022 at 12:48 PM PDT and filed on 9/19/2022

| | |
|---|---|
| *Case Name:* | (PS) Marquez Valdivia v. County of Sacramento et al |
| *Case Number:* | 2:22−cv−01643−KJM−DB |
| *Filer:* | Miguel Marquez Valdivia |

*Document Number:* 1

*Docket Text:*
 COMPLAINT against County of Sacramento, Gary Leeds, Grant Nugent by Miguel Marquez Valdivia. (Attachments: # (1) Civil Cover Sheet)(Mena−Sanchez, L)

**2:22−cv−01643−KJM−DB Notice has been electronically mailed to:**

**2:22−cv−01643−KJM−DB Electronically filed documents must be served conventionally by the filer to:**

Miguel Marquez Valdivia
207 Rio Mesa Way
Galt, CA 96632

The following document(s) are associated with this transaction:

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case–dispositive jurisdiction and to conduct any or all case–dispositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or non jury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case–dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent pursuant to 28 U.S.C. § 636(c), the assigned Magistrate Judge will hear all motions except those case–dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk
501 I Street, Room 4–200
Sacramento, CA 95814

Office of the Clerk
2500 Tulare Street, Suite 1501
Fresno, CA 93721

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

**MIGUEL MARQUEZ VALDIVIA ,**
          Plaintiff(s) / Petitioner(s),

CASE NO:  **2:22–CV–01643–KJM–DB**

vs.

**CONSENT / DECLINE OF U.S.
MAGISTRATE JUDGE JURISDICTION**

**COUNTY OF SACRAMENTO , ET AL. ,**
          Defendant(s) / Respondent(s).

---

**IMPORTANT**

**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF
A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE
SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐   **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned
hereby voluntarily consents to have a United States Magistrate Judge conduct all further
proceedings in this case, including trial and entry of final judgment, with direct review by
the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____          Signature: _____

                                                        Print Name: _____
                                                                        ( ) Plaintiff / Petitioner   ( ) Defendant / Respondent
                                                        Counsel for_____ *

---

☐   **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the
availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____          Signature: _____

                                                        Print Name: _____
                                                                        ( ) Plaintiff / Petitioner   ( ) Defendant / Respondent
                                                        Counsel for_____ *

---

***If representing more than one party, counsel must indicate the name of each party responding.**

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### 501 I STREET, SUITE 15−220
### SACRAMENTO, CA  95814

Chambers of
**KIMBERLY J. MUELLER**
Chief United States District Judge

(916) 930−4260

## Magistrate Judge Consent in Civil Cases: Know Your Rights!

Delay, congestion, uncertainty, and expense are concerns often expressed by civil litigants.  These concerns have reached a crisis level in the Eastern District of California.

Despite the population of our District nearly doubling since 1979 and a corresponding tremendous increase in case filings, for the past 40 years our court has only 6 authorized District Judgeship positions.  The U.S. Judicial Conference, the policy−making arm of the federal courts, has recommended for decades that Congress authorize between 5 and 11 new judgeships for this court.  While the court is doing what it can to ensure Congress is fully informed regarding our current proposed allocation of 5 new judgeships, we cannot at this point say there is a realistic hope of new District Judgeships in the foreseeable future.

Compounding our challenges, while we have welcomed one new District Judge as of December 2021, we continue to have one vacancy among our 6 authorized judgeships.  The Sacramento Division has experienced a net loss of one District Judge's services, with Senior District Judge Garland E. Burrell's taking inactive senior status and District Judge Morrison C. England's taking active senior status and reducing his caseload.  Our Fresno courthouse has been even harder hit, with former Chief District Judge Lawrence J. O'Neill's taking inactive senior status at the end of January 2020; for nearly two years the Fresno District Court operated with only one active Article III judge to handle all criminal cases and a heavy share of civil cases, and one senior Article III judge who assists the court by taking a half civil caseload.  The Eastern District has been significantly congested for many years, consistently carrying average weighted caseloads equal or close to twice the national average for federal trial courts.  Given our current more dire circumstances, civil litigants are having to vie for less and less District Judge time and attention.  Civil litigants therefore may wish to consider consenting to Magistrate Judge jurisdiction, given that the court has a full complement of experienced Magistrate Judges available to preside to the full extent allowed by law.

The Magistrate Judge consent process can help bring about the "just, speedy, and inexpensive determination" of federal cases.  Fed. R. Civ. P. 1.  Although their title has changed periodically, Magistrate Judges, as they currently are known, have had a role in the federal courts since passage of the Judiciary Act of 1789.  Over time, Congress has expanded and enhanced the position in the interests of maximizing judicial efficiency.  Specifically, Magistrate Judges are authorized "to conduct any or all proceedings in a jury or non−jury civil matter and order the entry of judgment in the case" with the consent of the parties. 28 U.S.C. § 636(c).  Consent can maximize access to the courts and ease court congestion through effective use of judicial resources.  It can provide numerous benefits to litigants including the prospect of an early and firm trial date, when District Judges may not be available to try a civil case given the need to prioritize felony criminal cases.

In civil cases, the assigned Magistrate Judge already is responsible for resolving discovery disputes, deciding other non−dispositive motions and in some instances handling pre−trial proceedings; as a result that judge may be intimately familiar with the case history.  Consenting in any civil case allows the Magistrate Judge to decide dispositive motions and preside over trial, and so can avoid the

uncertainty parties may face while waiting for the District Judge to identify time on his or her calendar for trial. Just as with a judgment issued by a District Judge, a judgment issued by a Magistrate Judge to whom the parties in a civil case have consented is appealable directly to the Ninth Circuit Court of Appeals.

As their professional biographies posted on our court's website show, our Magistrate Judges are well–qualified to preside over the cases assigned them. They are experienced, high–caliber judges with diverse experiences in civil and criminal litigation who have been selected on the merits, taking into account their education, experience, knowledge of the court system, personal attributes and other criteria. Our Magistrate Judges are well–qualified to preside over the civil cases brought in our court.

To consent to magistrate judge jurisdiction, a party simply signs and files a consent form. The form is available on the court's website, at this link:

http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/.

Parties may consent or withhold consent without any adverse consequences. Once all parties to a case consent, then the assigned District Judge is notified and considers whether to approve the consent. Once the District Judge accepts, then the Magistrate Judge determines whether to accept consent jurisdiction, taking the opportunity to consider any conflicts or bases for recusal.

All litigants before the federal courts deserve justice delivered in a fair, prompt, and efficient manner. Our Magistrate Judges play a critical role in providing essential access to justice, particularly in our overburdened court. Consenting to Magistrate Judge jurisdiction in civil cases may represent one of the best ways to secure "just, speedy, and inexpensive determination" of your case, which is why we want to be sure you are fully aware of your right and ability to consent, and the means of doing so.

CHIEF UNITED STATES DISTRICT JUDGE

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain
Miguel Marquez Valdivia
207 Rio Mesa Way
Galt CA 96632
US
––Case Participants: Magistrate Judge Deborah Barnes (caed_cmecf_db@caed.uscourts.gov), Chief District
Judge Kimberly J. Mueller (caed_cmecf_kjm@caed.uscourts.gov)
––Non Case Participants:
––No Notice Sent:
Message–Id: Subject:Activity in Case 2:22–cv–01643–KJM–DB (PS) Marquez Valdivia v. County of
Sacramento et al Civil New Case Documents for KJM. Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this
e–mail because the mail box is unattended.*
*\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all
documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users. To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

## U.S. District Court

### Eastern District of California – Live System

### Notice of Electronic Filing

The following transaction was entered on 10/31/2022 at 2:52 PM PDT and filed on 10/31/2022

*Case Name:*       (PS) Marquez Valdivia v. County of Sacramento et al
*Case Number:*     2:22–cv–01643–KJM–DB
*Filer:*
*Document Number:* 5
*Docket Text:*
**CIVIL NEW CASE DOCUMENTS ISSUED; (Rodriguez, E)**

**2:22–cv–01643–KJM–DB Notice has been electronically mailed to:**

**2:22–cv–01643–KJM–DB Electronically filed documents must be served conventionally by the filer to:**
Miguel Marquez Valdivia
207 Rio Mesa Way
Galt CA 96632
US

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

**Miguel Marquez Valdivia ,**

vs.

**County of Sacramento , et al. ,**

**CASE NO:  2:22−CV−01643−KJM−DB**

## SUMMONS IN A CIVIL CASE

TO:  **County of Sacramento, Gary Leeds, Grant Nugent**

Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on:

> **Miguel Marquez Valdivi**
> **207 Rio Mesa Way**
> **Galt, CA 96632**

an answer to the complaint which is served on you with this summons, **within 21 days after service of this summons on you**, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**KEITH HOLLAND**

CLERK

**/s/  E. Rodriguez**

(By) DEPUTY CLERK



**ISSUED ON 2022−10−31 14:51:22**
**CLERK, USDC EDCA**

**RETURN OF SERVICE**

| Service of the Summons and complaint was made by me (1) | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____
_____
_____

☐ Other (specify) :_____
_____
_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                     Date                                      *Signature of Server*

                                                              _____
                                                              *Address of Server*

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain
Miguel Marquez Valdivia
207 Rio Mesa Way
Galt CA 96632
US

––Case Participants: Magistrate Judge Deborah Barnes (caed_cmecf_db@caed.uscourts.gov), Chief District
Judge Kimberly J. Mueller (caed_cmecf_kjm@caed.uscourts.gov)

––Non Case Participants:

––No Notice Sent:

Message–Id: Subject:Activity in Case 2:22–cv–01643–KJM–DB (PS) Marquez Valdivia v. County of
Sacramento et al Summons. Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this
e–mail because the mail box is unattended.*
*\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all
documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users. To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

### U.S. District Court

### Eastern District of California – Live System

## Notice of Electronic Filing

The following transaction was entered on 10/31/2022 at 2:51 PM PDT and filed on 10/31/2022

*Case Name:* (PS) Marquez Valdivia v. County of Sacramento et al
*Case Number:* 2:22–cv–01643–KJM–DB
*Filer:*
*Document Number:* 4

*Docket Text:*
**SUMMONS ISSUED as to \*County of Sacramento, Gary Leeds, Grant Nugent\* with answer to
complaint due within \*21\* days. Attorney \*Miguel Marquez Valdivi\* \*207 Rio Mesa Way\* \*Galt,
CA 96632\*. (Rodriguez, E)**

**2:22–cv–01643–KJM–DB Notice has been electronically mailed to:**

**2:22–cv–01643–KJM–DB Electronically filed documents must be served conventionally by the filer to:**
Miguel Marquez Valdivia
207 Rio Mesa Way
Galt CA 96632
US