1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        EASTERN DISTRICT OF CALIFORNIA
10
11   MIGUEL MARQUEZ VALDIVIA,
12              Plaintiff,                    No.  2:22-cv-1643 KJM DB PS
13      v.                                    ORDER
14   COUNTY OF SACRAMENTO, et al.
15              Defendants.
16

17        Plaintiff, Miguel Marquez Valdivia, is proceeding in this action pro se.  This matter was

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

19   Pending before the undersigned is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the

20   Federal Rules of Civil Procedure.  (ECF No. 15.)  For the reasons stated below, defendants'

21   motion to dismiss will be granted and plaintiff will be granted leave to file an amended complaint.

22                              **BACKGROUND**

23        Plaintiff proceeding pro se commenced this action on September 19, 2022, by filing a

24   complaint and a motion to proceed in forma pauperis.  (ECF Nos. 1 & 2.)  The complaint alleges

25   that the defendants failed to address plaintiff's serious medical needs while plaintiff was

26   incarcerated at the Sacramento County Jail.  (Compl. (ECF No. 1) at 4-8. [1])  Specifically, on

27   —————————————
[1] Page number citations such as this are to the page number reflected on the court's CM/ECF
28   system and not to the page numbers assigned by the parties.

November 23, 2017, plaintiff was diagnosed with "a rare condition in which amoebae invade the cornea of the eye." (Id. at 4.)  On November 26, 2017, plaintiff was arrested and booked into the Sacramento County Jail.  (Id.)  Plaintiff advised medical staff at intake of the condition.  (Id. at 4-5.)  Plaintiff alleges that despite several requests for treatment, defendants County of Sacramento, Medical Director Grant Nugent, and Dr. Gary Leeds did not contact plaintiff's eye doctor to inquire about the necessary medications and treatment until December 4, 2017.  (Id. at 5.)

While incarcerated plaintiff filed two grievances because he was unable to see an ophthalmologist and was not provided the necessary medication.  (Id.)  Plaintiff was taken to see Dr. Ing at Delta Eye Medical Group in Stockton on January 11, 2018, at which time plaintiff was told, "that because of the lack of treatment by the Jail, Plaintiff's eye was severely damaged and there was no ability to save his eye sight[.]"  (Id. at 7.)  Plaintiff returned to see Dr. Ing on January 15, 2018, at which point plaintiff was told there was a real danger of losing his eye.  (Id.)  Plaintiff was released on January 17, 2018.  (Id.)  Plaintiff alleges that the lack of effective treatment and resulting physical pain left plaintiff traumatized, and that plaintiff continues to suffer emotional distress.  (Id.)  Based on the above facts the complaint alleges two causes of action pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, the intentional infliction of emotional distress, the negligent infliction of emotional distress, and medical malpractice.  (Id. at 8-9.)

On October 31, 2022, the undersigned issued an order granting plaintiff's motion to proceed in forma pauperis and ordering service on the defendants.  (ECF No. 3.)  On March 21, 2023, defendants filed a motion seeking dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted arguing that plaintiff's claims are time-barred by the statute of limitations.  (ECF. No. 8.)  The motion to dismiss was amended on March 22, 2023, with a new hearing date set before the undersigned.  (ECF No. 11.)  On April 17, 2023, defendants filed a reply to support their motion to dismiss.  (ECF No. 13.)

On May 1, 2023, plaintiff filed an untimely opposition to the motion to dismiss explaining that plaintiff was unaware of the recent change to Local Rule 230, which changed the deadline for

////

2

filing an opposition to motions to dismiss.[2]  (ECF No. 14.)  Additionally, plaintiff argues that the statute of limitations barring the claims can be equitably tolled on account of plaintiff's mental incapacity.  (Id. at 3.)  On May 16, 2023, defendant's motion to dismiss was submitted without oral argument.  (ECF No. 15.)

## LEGAL STANDARDS

### I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

---

[2] In light of plaintiff's pro se status, the undersigned has considered plaintiff's untimely opposition.

1    elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

2    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3    statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

4    facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

5    not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

6    459 U.S. 519, 526 (1983).

7          In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

8    to consider material which is properly submitted as part of the complaint, documents that are not

9    physically attached to the complaint if their authenticity is not contested and the plaintiff's

10   complaint necessarily relies on them and matters of public record.  Lee v. City of Los Angeles,

11   250 F.3d 668, 688-89 (9th Cir. 2001).

12                                    **ANALYSIS**

13   **I.      Defendants' Motion to Dismiss**

14            **a.  Plaintiff's Section 1983 Claims Must be Dismissed**

15         Plaintiff alleges two causes of action pursuant to 42 U.S.C. § 1983 for failure to provide

16   adequate medical care against Sacramento County for its role in maintaining Sacramento County

17   Jail, and against medical personnel at the jail.  (Compl. (ECF No.1) at 8-9.)  Defendants seek

18   dismissal of the § 1983 claims, as barred by the statute of limitations.  (MTD (ECF No. 8) at 1.)

19         A Rule 12(b)(6) can be granted based on the statute of limitation if it is determined that

20   "the running of the statute is apparent on the face of the complaint."  Jablon v. Dean Witter &

21   Co., 614 F.2d 677, 682 (9th Cir. 1980); see also Supermail Cargo, Inc. v. United States, 68 F.3d

22   1204, 1206 (9th Cir. 1995) (stating that "[A] complaint cannot be dismissed unless it appears

23   beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the

24   claim.").  For actions under § 1983 claims, courts apply the forum state's statute of limitations for

25   personal injury actions.  Fink v. Shedler, 92 F.3d 911, 913 (9th Cir. 1999).  Effective January 1,

26   2003, the new California statute of limitations for personal injury claims is two years.  Jones v.

27   Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Code Civ. P. § 335.1.

28   ////

1    Here, the complaint is brought pursuant to 42 U.S.C. § 1983, for violations of plaintiff's

2    14th Amendment due process right to timely and adequate medical care as a pretrial detainee

3    causing irreparable damage to plaintiff's eyesight.  (Compl. (ECF No. 1) at 3.)  Plaintiff was

4    arrested on November 26, 2017, and seen by defendant Gary Leeds for medical intake, where

5    plaintiff told the staff he had a parasite in his eye.  (Id. at 4-5.)  On January 11, 2018, plaintiff was

6    taken to see Dr. Ing at Delta Eye Medical Group in Stockton and returned to see Dr. Ing on

7    January 15, 2018.  (Id. at 7.)  Plaintiff was released from Sacramento County Jail on January 17,

8    2018.  (Id.)  The facts in support of the complaint's § 1983 claims occurred no later than January

9    17, 2018.  (Id. at 3, 7.)  Plaintiff filed this action on September 19, 2022, falling well outside the

10   statute of limitations period of two years.  (Id.)

11   In opposing defendant's motion to dismiss, plaintiff asserts in a vague and conclusory

12   manner that the statute of limitations should be tolled "based upon Plaintiff's mental

13   incapacity[.]"  (Pl.'s Opp.'n (ECF No. 14) at 3.)  Equitable tolling of a statute of limitations may

14   suspend or extend the limitations period.  McDonald v. Antelope Valley Cmty. Coll. Dist., 45

15   Cal. 4th 88, 99 (Cal. 2008).  "The equitable tolling of statutes of limitations is a judicially created,

16   nonstatutory doctrine.  It is designed to prevent unjust and technical forfeitures of the right to a

17   trial on the merits when the purpose of the statute of limitations – timely notice to the defendant

18   of the plaintiff's claims – has been satisfied."  Id. (citations and internal quotation marks omitted).

19   The federal court looks to California law for the statute of limitations in a § 1983 case.  Pouncil v.

20   Tilton, 704 F.3d 568, 573 (9th Cir. 2012).  California law also applies to questions of equitable

21   tolling.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Azer v. Connell, 306 F.3d 930, 935-

22   36 (9th Cir. 2002).

23   "Under California law, a plaintiff must meet three conditions to equitably toll a statute of

24   limitations: '(1) defendant must have had timely notice of the claim; (2) defendant must not be

25   prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct

26   must have been reasonable and in good faith.'"  Fink v. Shedler, 192 F.3d 911, 916 (9th Cir.

27   1999) (quoting Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988)); see also

28   Addison v. State of California, 21 Cal. 3d 313, 319 (1978).  "California courts apply equitable

5

tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'"  Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)).  "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute.'"  Id. (quoting Lantzy, 31 Cal. 4th at 371).

With respect to mental incapacity, California law specifies that equitable tolling may be appropriate during the time the party "lacked the legal capacity to make decisions." Cal. Code Civ. Proc. § 352(a).  The fact that a plaintiff was mentally impaired is not, by itself, sufficient to warrant tolling.  Lang v. Sacramento Sheriff Dep't, No. 2:14-cv-0777 EFB P, 2017 WL 1093838, at *2 (E.D. Cal. Mar. 23, 2017).  Rather, the provision only applies where the individual is "incapable of caring for [his] property or transacting business or understanding the nature or effects of [his] acts."  Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 521 (9th Cir. 2018) (citation omitted).  This lack of legal capacity must have been present at the time the plaintiff's claim accrued.  Cal. Code Civ. Proc. § 354(a).  As noted above, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

However, equitable tolling requires that the complaint clearly address the application of the doctrine.  Cervantes, 5 F.3d at 1277.  Here, plaintiff's complaint does not address the doctrine of equitable tolling.  And plaintiff's opposition merely refers to equitable tolling in a vague and conclusory manner.  Accordingly, the undersigned cannot find that the statute of limitations should be tolled and defendant's motion to dismiss the complaint's § 1983 claims must be granted.[3]

////

////

---

[3] In light of the complaint's failure to state a claim over which the court would have federal question jurisdiction, the undersigned will not address the complaint's state law claims at this time.

6

1    **II.     Leave to Amend**

2          "Leave should be freely given when justice so requires." <u>California Architectural Bldg.</u>

3    <u>Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  The undersigned has

4    carefully considered whether plaintiff could amend the claims to allege facts that meet the

5    conditions for equitable tolling.  Considering the clear policy in favor of granting leave to amend,

6    and the unresolved equitable tolling issue, plaintiff will be granted leave to amend.

7          Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the

8    tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

9    to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

10   conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678.  "While legal conclusions can

11   provide the complaint's framework, they must be supported by factual allegations." <u>Id.</u> at 679.

12   Those facts must be sufficient to push the claims "across the line from conceivable to

13   plausible[.]" <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).

14         Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

15   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

16   in itself without reference to prior pleadings.  The amended complaint will supersede the original

17   complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

18   just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

19   and identified in the body of the complaint, and each claim and the involvement of each

20   defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

21   must also include concise but complete factual allegations describing the conduct and events

22   which underlie plaintiff's claims.

23                                  **CONCLUSION**

24         Accordingly, IT IS HEREBY ORDERED that:

25   1.  Defendant's March 21, 2023, motion to dismiss (ECF No. 8), amended on March 22,

26         2023 (ECF No. 11) is granted;

27   ////

28   ////

7

1     2.  The complaint filed September 19, 2022 (ECF No. 1) is dismissed with leave to amend;

2     3.  Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

     4.  Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED:  September 19, 2023                    /s/ DEBORAH BARNES
                                              UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/valdivia1642.mtd.ord.zm

8