UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MARQUEZ VALDIVIA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No.  2:22-cv-01643-KJM-SCR<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21).  Before the Court is Defendants' Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 18) which argues that the claims are time-barred.  Opposition and reply briefs have been filed, and the matter was submitted without oral argument.  ECF No. 22.

Plaintiff's claims concern delayed medical care for an eye condition while he was detained at a Sacramento County jail between November 2017 and January 2018.  He did not file this case until September 2022, far outside the limitations period for any of his claims.  The Court previously gave Plaintiff an opportunity to amend his complaint to add allegations that would show he is entitled tolling of the statute of limitations.  ECF No. 16.  As explained below, because the amended complaint shows a plausible basis for such tolling, the undersigned will recommend that the Motion to Dismiss be denied.

////

1

## I. Legal Standard for Motion to Dismiss under Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir.2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

A cause of action is subject to dismissal for failure to state a claim when the factual allegations in the complaint and/or other materials properly considered suffice to establish some bar to recovery or an affirmative defense, such as the expiration of the statute of limitations.

*Sams v. Yahoo, Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (noting that a Rule 12(b)(6) motion can be granted based on the statute of limitations if "the running of the statute is apparent on the face of the complaint"). However, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995).

## II.     Plaintiff's Allegations and Procedural History

The operative pleading is the First Amended Complaint ("FAC") filed on October 16, 2023. ECF No. 17. Plaintiff, who is no longer incarcerated, filed this action "arising out of the withholding of medical treatment" while he was being detained at the Sacramento County Jail. *Id*. at ¶ 1. Plaintiff alleges that on November 23, 2017, he was diagnosed with Acanthamoeba Keratitis a condition in which amoebae invade the cornea of the eye. *Id.* at ¶ 16. Three days later, Plaintiff was arrested and booked into the Sacramento County Jail. *Id.* at ¶ 17. Plaintiff alleges that he informed Defendant Gary Leeds, at medical intake, that he had a parasite in his eye, the "condition was critical," and he immediately needed compound eye drops that had been prescribed by Dr. Navarez on November 23, 2017. *Id.* at ¶ 18. Plaintiff claims he further warned Leeds that he "would suffer certain irreversible destruction" without treatment. *Id*. at ¶19.

Plaintiff claims that jail staff did not contact his eye doctor until December 4, 2017, that he was in severe pain, and needed to be taken to the hospital on December 5, 2017. *Id*. at ¶¶ 20-22. Plaintiff then received the proper medication, but was left alone to properly administer it, and could not take hourly doses because he was not provided a clock. *Id.* at ¶ 26. Plaintiff alleges there were delays in refilling the medication, and he was not seen by an ophthalmologist. *Id.* at ¶¶ 28-29.

On January 11, 2018, Plaintiff saw Dr. Jeffrey Ing of the Delta Eye Medical Group who advised him that due to "lack of treatment by the jail, his eye was severely damaged and the critical window of time to preserve his sight had closed without proper treatment." *Id.* at ¶ 30. Plaintiff was released from jail on January 17, 2018, and on March 13, 2018 underwent a corneal transplant. *Id.* at ¶¶ 33-34. Plaintiff contends that as a result of the lack of treatment while at the

jail he suffered emotional distress, pain, lost sight in one eye, and the structure of the eye was "grotesquely deformed" resulting in the need to wear dark glasses. *Id.* at ¶¶ 35-36. Plaintiff filed an administrative claim with the County of Sacramento on May 14, 2018. *Id.* at ¶ 4.

Plaintiff initiated this action on September 19, 2022. ECF No. 1. He alleges federal claims under § 1983, as well as state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and medical malpractice. *Id.* at ¶¶ 41-62.

Plaintiff filed the FAC after the Court's earlier order finding that the limitations period on his claims had expired and that the case could only proceed if he could show a basis for equitable tolling. As the Court noted, the original complaint did not "address the doctrine of equitable tolling" and that "plaintiff's opposition merely refers to equitable tolling in a vague and conclusory manner." ECF No. 16 at 6. "Considering the clear policy in favor of granting leave to amend, and the unresolved equitable tolling issue," the Court granted Plaintiff leave to amend. *Id*. at 7.

In the FAC, Plaintiff alleges the following as to equitable tolling:

> At the time of plaintiff's release from jail, his mental health and well-being had been severely compromised, to the degree that plaintiff was unable to care for his property or transact business; he could not understand the need to timely file, actually prepare a complaint to file, or communicate the need to others for assistance in filing.

ECF No. 17 at ¶ 38. Plaintiff further alleges that his "mental disability" "only began to be resolved in August 2022[.]" *Id*. at ¶ 39. Plaintiff also alleges that "the lack of effective pain relief, the emotional strain he suffered as he was forced to contemplate a creature consuming his brain, death, and at best, being blind in one eye" left him "inexorably traumatized, suffering from PTSD, bouts of total memory loss, along with more extreme mental symptoms." *Id*. at ¶ 35.

### III.    Analysis

**A. Statute of Limitations**

Defendants argue that Plaintiff's § 1983 and state law claims are time-barred and that his allegations on tolling are insufficient. ECF No. 18. Plaintiff contends that his allegations of tolling in the FAC are sufficient. ECF No. 20.

4

Section 1983 does not contain its own statute of limitations. *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019). Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). In California that period of limitations is two years. *Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).[1] Federal courts also borrow any applicable tolling provisions from state law. *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020).

Accrual of a § 1983 cause of action however, is a question of federal law. *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019). "Accrual occurs when the plaintiff has a complete and present cause of action … that is, when the plaintiff can file suit and obtain relief." *Id.* at 1166. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Plaintiff alleges that he advised jail staff on November 26, 2017, that his "condition was critical," he "immediately" needed medication, and his cornea "would suffer certain irreversible destruction" if not treated appropriately. ECF No. 17 at ¶¶ 18-19. He alleges that on December 4-5, 2017, he was in severe pain and needed to be taken to the hospital. *Id*. at ¶¶ 21-22. Plaintiff alleges that by December 5, 2017, he had filed two grievances concerning delay in treatment and not being provided with proper medication. *Id*. at ¶ 23. Plaintiff alleges he was told by a doctor on January 11, 2018, that "lack of treatment by the jail" had caused severe damage to his eye. Plaintiff further alleges he was released from custody on January 17, 2018, and filed an administrative claim with the County of Sacramento on May 14, 2018. *Id.* at ¶¶ 4,

---

[1] Plaintiff's state law claims involve a similar limitations period as his § 1983 claim. The FAC alleges the following state law claims: Count III – intentional infliction of emotional distress; Count IV – negligent infliction of emotional distress; and Count V – medical malpractice. ECF No. 17 at 8-9. Defendants contend those claims are time-barred as well. Defendants argue that Cal. Gov. Code § 945.6 provides at most a two-year statute of limitations for the infliction of emotional distress tort claims, and that under California Code of Civil Procedure § 340.5 he has no more than three years from the date of injury to bring the medical malpractice claim.

The Court concludes Plaintiff's claims accrued no later than January 11, 2018. By that date, he was informed by Dr. Ing that the delay in medical treatment had caused him injury, he had experienced severe pain, and had filed grievances concerning the delay in treatment. Plaintiff did not file suit until more than four years later, on September 19, 2022. Thus, Plaintiff's § 1983 and state-law claims are untimely in the absence of tolling.

**B. Statutory and Equitable Tolling**

Plaintiff argues that he is entitled to statutory tolling under California Code of Civil Procedure § 352, based on lack of capacity, and to equitable tolling. The Court will consider each potential basis for tolling in turn.

Section 352(a) provides, in relevant part, that if a person entitled to bring an action "is, at the time the cause of action accrued … lacking the legal capacity to make decisions, the time of disability is not part of the time limited for the commencement of the action."[2] This statute sets a high bar for equitable tolling. In order to qualify, a person must be "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Alcott Rehab. Hosp. v. Superior Court*, 112 Cal.Rptr.2d 807, 812 (2001) (citations omitted). "Even a person who is adjudged mentally ill [for commitment purposes] may nevertheless be capable of transacting business and carrying out his affairs, either during occasional lucid intervals or throughout his hospitalization." *Ortega v. Flores*, 2023 WL 4771178 at *8 (N.D. Cal. July 26, 2023) (citing *Hsu v. Mt Zion Hosp.*, 259 Cal.App.2d 562 (Cal. Ct. App. 1968)). Incapacity must exist at the time the claims accrue, and once the cause of action accrues, no later disability suspends it. *Ortega*, 2023 WL 4771178 at *8 citing *Larsson v. Cedars of Lebanon Hosp.*, 97 Cal.App.2d 704, 707 (Cal. Ct. App. 1950); *see also Calloway v. Scribner*, 2014 WL 6819872 at

---

[2] Section 352(b) states that § 352(a) "shall not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented" for administrative exhaustion under the Government Code. However, § 352(b) "does not apply when a plaintiff brings a claim under § 1983." *Holt v. Cty. of Orange*, No. 20-cv-01416 JVS, 2021 WL 4352373, at *3 (C.D. Cal. March 17, 2024). *See also City of Huntington Park v. Superior Court*, 34 Cal. App. 4th 1293, 1299 (1995) ("[T]he Legislature has made abundantly plain ... that it does not intend section 352(b) to abrogate section 352(a) as to suits under section 1983 which are brought by minors and insane persons.").

6

*3 (E.D. Cal. Dec. 2, 2014) ("mental incompetency that arises after a cause of action has accrued does not toll the statute of limitations"). "[T]olling lasts only until the plaintiff regains capacity." *Estate of Stern v. Tuscan Retreat, Inc.*, 725 Fed. Appx. 518, 522 (9th Cir. 2018).

The FAC alleges the following at paragraph 38:

> At the time of plaintiff's release from jail, his mental health and well-being had been severely compromised, to the degree that plaintiff was unable to care for his property or transact business; he could not understand the need to timely file, actually prepare a complaint to file, or communicate the need to others for assistance in filing.

The FAC also alleges that Plaintiff's mental disability was not resolved until August 2022. ECF No. 17 at ¶ 39. Plaintiff argues that these allegations demonstrate he is entitled to tolling under § 352(a).

Defendants contend that the allegations in paragraph 38 are too vague and conclusory to invoke the doctrine of equitable tolling. ECF No. 18-1 at 4. Defendants further argue that under § 352 the lack of capacity must have been present at the time the claim accrued. Defendants also point to the fact that Plaintiff alleged he filed a claim with the County in May 2018 as evidence that he was in fact capable of transacting business and understanding the nature of his acts. ECF No. 18-1 at 4.

Plaintiff argues in response that his allegations in paragraph 38 are sufficiently detailed. ECF No. 20 at 2. As to the accrual issue, Plaintiff argues that he was incapacitated at the time of accrual because it was likely the "torture he was subjected to" at the jail that caused his mental break. *Id.* at 4. Finally, as to the notice of claim filed on May 18, 2018, Plaintiff now claims that his sister, Dr. Lorena Valdivia Marquez, filed it and not him. *Id.* Plaintiff submits a "certification" from Dr. Marquez in support of this argument. ECF No. 19.[3]

At this stage in the case, Plaintiff need not prove that he is entitled to tolling. Rather,

---

[3] Defendants object to this document as a matter outside the pleadings that cannot be considered on a 12(b)(6) motion. ECF No. 21 at 2. The Court will not consider that document in its analysis here. However, the parties' dispute about whether the Court should acknowledge that Plaintiff had to rely on his sister to file his administrative grievance serves as a further reminder that adjudication of fact disputes is inappropriate at this motion to dismiss stage. Plaintiff must merely show that tolling is plausible and need not prove on a fully-developed record that he is entitled to tolling.

"[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682.  Plaintiff's allegations plausibly show that he may be able to prove that the statute of limitations should be tolled here.

First, the allegations show that Plaintiff may have lacked capacity at the time his claims accrued.  While the allegations in Paragraph 38 are conclusory, they are backed up by specific allegations that Plaintiff's mental disability continued until August 2022 and that "the lack of effective pain relief, the emotional strain he suffered as he was forced to contemplate a creature consuming his brain, death, and at best, being blind in one eye" left him "inexorably traumatized, suffering from PTSD, bouts of total memory loss, along with more extreme mental symptoms." *Id*. at ¶ 35.  This suggests that Plaintiff's alleged mental disability may have started early in his incarceration, around the same time that his cause of action accrued.  While there are also facts suggesting that he had some ability to advocate for himself during this period, weighing all the evidence regarding mental capacity is necessarily left for a further stage of the proceedings.[4]

Both parties rely on *Estate of Stern*, but that case provides limited guidance as to the circumstances here.  In *Estate of Stern*, the Ninth Circuit affirmed the district court's finding on summary judgment that certain of the plaintiff's claims were time-barred.  On appeal, Ms. Stern's estate asserted that she was entitled to tolling under § 352(a).  But as the Ninth Circuit noted, during the period in question, Ms. Stern had filed a state court action in her own name, which was evidence that she possessed capacity.  725 Fed. Appx. at 522.  "Only a person who has capacity may proceed in her own name." *Id.*  Defendants attempt to draw an analogy between the state court action in *Estate of Stern* and Plaintiff's filing of an administrative claim in May 2018.  But filing an administrative claim, unlike filing a lawsuit in one's own name, does not carry the same implication of legal capacity.  Moreover, unlike *Estate of Stern*, this case is at the pleading stage.  It may be that Plaintiff in fact possessed legal capacity at the time his claim accrued, at the time

---

[4]  For example, Plaintiff alleges that by December 5, 2017, he had filed two grievances concerning delayed treatment and not being provided with proper medication.  ECF No. 17 at ¶ 23.

8

he filed his administrative claim, and beyond. But applying the lenient standard that governs a motion to dismiss, in particular in a pro se action, the mere fact that Plaintiff filed an administrative claim does not preclude the possibility that he lacked capacity.

Plaintiff has pleaded facts showing that he may also be entitled to non-statutory equitable tolling. "California courts have liberally applied tolling rules or their functional equivalents to situations in which the plaintiff has satisfied the notification purpose of a limitations statute." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Plaintiff argues that the Court should employ equitable tolling because Defendants would not be prejudiced by the delay, and cites *Cervantes*. *Cervantes* applied that California courts' "definitive three-pronged test for invocation of the doctrine of equitable tolling." *Id*. at 1275. A plaintiff's pursuit of an administrative remedy can equitably toll the limitations period "if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." *Id.* Here, Plaintiff alleges he made a notice of claim in May 2018, and that he thereafter continued to suffer from several mental health issues until August 2022. It is plausible that these circumstances could show that non-statutory equitable tolling applies. Moreover, as the Ninth Circuit further stated in *Cervantes*, the "applicability of equitable tolling necessitates resort to the specific circumstances of the prior claim: parties involved, issues raised, evidence considered," and "ordinarily requires reference to matters outside the pleadings." *Id.* at 1276.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff has plausibly shown that he may be entitled to tolling under § 352 or non-statutory equitable tolling.

**IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 18) be DENIED, and that the action proceed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 4, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE