UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MARQUEZ VALDIVIA, | No.  2:22-cv-01643-DC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21).  Before the Court is Defendants' Motion for Summary Judgment ("MSJ") pursuant to Federal Rule of Civil Procedure 56 (ECF No. 36) which argues that Plaintiff's claims fail on several grounds, including because the statute of limitations ran before he filed this action and because of qualified immunity.  Plaintiff failed to file a response to the MSJ, despite the Court sua sponte allowing Plaintiff an additional 21 days to respond.  ECF No. 37.  The Court now recommends the MSJ be GRANTED and judgment entered in favor of Defendants.

## I.    Background and Procedural History[1]

Plaintiff filed this action in September 2022.  ECF No. 1.  The operative pleading is the

---

[1]  For purposes of this Background section, the Court sets forth the factual *allegations* from the FAC.

1

First Amended Complaint ("FAC") filed on October 16, 2023. ECF No. 17. Plaintiff, who is no longer incarcerated, filed this action "arising out of the withholding of medical treatment" while he was being detained at the Sacramento County Jail. *Id.* at ¶ 1. Plaintiff alleges that on November 23, 2017, he was diagnosed with Acanthamoeba Keratitis a condition in which amoebae invade the cornea of the eye. *Id.* at ¶ 16. Three days later, Plaintiff was arrested and booked into the Sacramento County Jail. *Id.* at ¶ 17. Plaintiff alleges that he informed Defendant Gary Leeds, at medical intake, that he had a parasite in his eye, the "condition was critical," and he immediately needed compound eye drops that had been prescribed by Dr. Navarez on November 23, 2017. *Id.* at ¶ 18. Plaintiff claims he further warned Leeds that he "would suffer certain irreversible destruction" without treatment. *Id.* at ¶19.

Plaintiff claims that jail staff did not contact his eye doctor until December 4, 2017, that he was in severe pain, and needed to be taken to the hospital on December 5, 2017. *Id.* at ¶¶ 20-22. Plaintiff then received the proper medication, but was left alone to properly administer it, and could not take hourly doses because he was not provided a clock. *Id.* at ¶ 26. Plaintiff alleges there were delays in refilling the medication, and he was not seen by an ophthalmologist. *Id.* at ¶¶ 28-29.

On January 11, 2018, Plaintiff saw Dr. Jeffrey Ing of the Delta Eye Medical Group who advised him that due to "lack of treatment by the jail, his eye was severely damaged and the critical window of time to preserve his sight had closed without proper treatment." *Id.* at ¶ 30. Plaintiff was released from jail on January 17, 2018, and on March 13, 2018 underwent a corneal transplant. *Id.* at ¶¶ 33-34. Plaintiff contends that as a result of the lack of treatment while at the jail he suffered emotional distress, pain, lost sight in one eye, and the structure of the eye was "grotesquely deformed" resulting in the need to wear dark glasses. *Id.* at ¶¶ 35-36. Plaintiff filed an administrative claim with the County of Sacramento on May 14, 2018. *Id.* at ¶ 4.

Plaintiff initiated this action on September 19, 2022. ECF No. 1. He alleges federal claims under § 1983, as well as state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and medical malpractice. *Id.* at ¶¶ 41-62.

Plaintiff filed the FAC after the Court's earlier order (ECF No. 16) finding that the

2

limitations period on his claims had expired and that the case could only proceed if he could show a basis for equitable tolling.  As the Court noted, the original complaint did not "address the doctrine of equitable tolling" and "plaintiff's opposition merely refers to equitable tolling in a vague and conclusory manner."  ECF No. 16 at 6.  "Considering the clear policy in favor of granting leave to amend, and the unresolved equitable tolling issue," the Court granted Plaintiff leave to amend.  *Id*. at 7.

In the FAC, Plaintiff alleges the following as to equitable tolling:

> At the time of plaintiff's release from jail, his mental health and well-being had been severely compromised, to the degree that plaintiff was unable to care for his property or transact business; he could not understand the need to timely file, actually prepare a complaint to file, or communicate the need to others for assistance in filing.

ECF No. 17 at ¶ 38.  Plaintiff further alleges that his "mental disability" "only began to be resolved in August 2022[.]"  *Id*. at ¶ 39.  Plaintiff also alleges that "the lack of effective pain relief, the emotional strain he suffered as he was forced to contemplate a creature consuming his brain, death, and at best, being blind in one eye" left him "inexorably traumatized, suffering from PTSD, bouts of total memory loss, along with more extreme mental symptoms."  *Id*. at ¶ 35.

The Court found that Plaintiff's allegations of equitable tolling were sufficient, and denied the motion to dismiss the FAC.  ECF Nos. 26 & 27.  After the motion was denied, the Court held a scheduling conference that both parties attended and entered a scheduling order.  ECF Nos. 33 & 35.  The time for discovery has closed, and Defendants now move for summary judgment.  The MSJ is unopposed.

## II.    Analysis

Defendants' MSJ raises several arguments.  But as the Court finds the claims to be time-barred, it will only address that dispositive issue.

Section 1983 does not contain its own statute of limitations.  *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019).  Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits.  *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions.").  In California, that period of limitations is two years.

*Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).  Federal courts also borrow any applicable tolling provisions from state law.  *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020).  Accrual of a § 1983 cause of action however, is a question of federal law.  *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019).  "Accrual occurs when the plaintiff has a complete and present cause of action … that is, when the plaintiff can file suit and obtain relief."  *Id.* at 1166.  A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Plaintiff's state law claims involve a similar period of limitations as his § 1983 claim. The FAC alleges the following state law claims: Count III – intentional infliction of emotional distress; Count IV – negligent infliction of emotional distress; and Count V – medical malpractice.  ECF No. 17 at 8-9.  Defendants contend those claims are time-barred as well.  ECF No. 36-1 at 6.  Defendants argue that Cal. Gov. Code § 945.6 provides at most a two-year statute of limitations for the infliction of emotional distress tort claims, and that under California Code of Civil Procedure § 340.5 he has no more than three years from the date of injury to bring the medical malpractice claim.  ECF No. 18-1 at 6-7.  The Court agrees with Defendants' assertion of the applicable time periods for the state law claims.  Negligent and intentional infliction of emotional distress claims are subject to a two-year statute of limitations in California under Cal. Civ. Proc. Code § 335.1.  *See Van Osten v. Home Depot*, 2023 WL 8888636, *2 (9th Cir. 2023).  For the medical malpractice claim, a plaintiff has one to three years under Cal. Civ. Proc. Code § 340.5.  *See Woodard v. Cedars Sinai Hospital*, 2025 WL 2986483, *1 (9th Cir. 2025) (the statute of limitations for a California medical malpractice claim is "three years after the date of injury or one year after the plaintiff discovers … the injury, whichever occurs first").

In moving for summary judgment, Defendants argue that this Court has already determined that the claims accrued no later than January 11, 2018, and thus the claims are time-barred.  ECF No. 36-1 at 6.  Defendants also argue that the state tort claims are time-barred because Plaintiff had to file suit within six months of the notice of rejection of his tort claim notice, or within two years from date of injury.  *Id*.  Defendants argue Plaintiff has not established

4

a basis for statutory or equitable tolling. *Id.*

Defendants' Statement of Facts ("SOF") (ECF No. 36-2) in support of summary judgment has not been opposed by Plaintiff.  Under Federal Rule of Civil Procedure 56, when a party "fails to properly address another party's assertions of facts" the Court has several options.  Fed. R. Civ. P. 56 (e).  The Court may give the party an additional opportunity to respond, or may "consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(1) & (2).  The Court may also "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

The Court has already given Plaintiff an additional opportunity to respond, and now deems the SOF undisputed for purposes of this motion.  Plaintiff was diagnosed with acanthamoeba keratitis in November 2017.  SOF # 1-4.  Plaintiff was incarcerated at the Sacramento County Jail from November 26, 2017 to January 17, 2018.  ECF No. 36-3 at 17-18; Dec. of K. Latu.  On December 5, 2018, Plaintiff underwent a corneal transplant surgery and signed a notice indicating informed consent for the procedure.  ECF No. 36-3 at 14-15. Defendants state that Plaintiff did not submit any medical grievances during his incarceration from November 26, 2017 to January 17, 2018.[2]  ECF No. 36-3 at 44-45; Dec. of T. Hammock.

As pointed out by Defendants, the Court has already determined that Plaintiff's claims accrued no later than January 11, 2018.  ECF No. 26 at 6.  The Court further stated that "Plaintiff's § 1983 and state-law claims are untimely in the absence of tolling."  *Id.*  The Court allowed the matter to proceed because Plaintiff made allegations that he lacked capacity under California Code of Civil Procedure § 352.  Plaintiff alleges that at the time of his release from jail in January 2018, his mental health was compromised and he was "unable to care for his property or transact business; he could not understand the need to timely file, actually prepare a complaint to file, or communicate the need to others for assistance in filing."  ECF No. 17 at ¶ 38.

By failing to oppose the motion for summary judgment, Plaintiff has not provided any

---

[2]  This is contrary to Plaintiff's assertion in the FAC that he submitted two grievances concerning medication for his eye in December 2017.  ECF No. 17 at ¶ 23.  However, Plaintiff's FAC is not verified and Plaintiff has not opposed the motion for summary judgment.

evidence to support his claim to tolling under § 352 or equitable tolling.  In order to invoke tolling under § 352, a plaintiff must show that he was incapable of caring for his property or transacting business or understanding the nature or effects of his actions.  *See Estate of Stern v. Tuscan Retreat, Inc.*, 725 F.App'x 518, 521 (9th Cir. 2018) (citation and quotation omitted).  "[I]ncapacity must exist at the time the claims accrue, and tolling lasts only until plaintiff regains capacity."  *Id.* at 522.  Plaintiff has not presented any evidence to support the allegation that he was suffering from incapacity, or when he was so suffering, and when he regained capacity.  Plaintiff has offered only allegations in the FAC.

Plaintiff has also not set forth evidence in support of equitable tolling.  "The burden is on the plaintiff to show that equitable tolling is appropriate."  *United States v. Marolf*, 173 F.3d 1213, 1218 n. 3 (9th Cir. 1999) citing *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980).  "Long-settled equitable-tolling principles instruct that generally, a litigant seeking equitable tolling bears the burden of establishing two elements: 1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way."  *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).  Plaintiff has not provided evidence in support of either prong.

Defendants also provide little evidence on the issue of tolling.  Defendants assert that during his 52-day incarceration "*not once* did [Plaintiff] show signs of incapacity."  ECF No. 36-1 at 6.  Defendants contend Plaintiff was communicative with staff and verbalized his understanding of care and treatment.  *Id.*  None of these assertions are supported by citation to evidence in the record.  The only evidence Defendants point to is a December 5, 2018 consent to surgery form that Plaintiff signed.  *Id*. at 6-7.  Defendants contend it demonstrates that Plaintiff had capacity at that time, during the two-year statute of limitations, and could have pursued his claim.

The Court has previously concluded that Plaintiff's claims accrued no later than January 11, 2018.  ECF No. 26 at 6.  Plaintiff filed this lawsuit more than four years later, on September 19, 2022.  ECF No. 1.  Plaintiff thus needed to establish a basis for tolling to make his claims

timely, and he has failed to do so.  *See Vaughn*, 628 F.2d at 1218 ("Where more than three years have elapsed between the time that the wrong allegedly was perpetrated and the filing of the action, the plaintiff has the burden of proving facts that would toll the statute.").  Defendants have introduced the surgical informed consent form, from which a reasonable trier of fact could infer that Plaintiff was not incapacitated.  Plaintiff has not disputed the surgical consent form or provided any evidence to the contrary, accordingly the Court recommends that Defendant's motion be granted.

### III.    CONCLUSION

A plaintiff bears the burden of proof in establishing tolling.  Here, Plaintiff in response to Defendants' motion for summary judgment has provided no evidence to support a determination of tolling.  Plaintiff's federal and state claims are subject to two- and three-year periods of limitation, and this action was not filed until more than four years after the alleged injury.  The claims are time-barred.

**IT IS HEREBY RECOMMENDED** that:

1.   Defendants' Motion for Summary Judgment (ECF No. 36) be GRANTED.

2.   The Clerk be directed to enter judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 20, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7